Filed 6/28/24  In re K.N. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re K.N., a Person Coming Under the Juvenile Court Law. | |
| CONTRA COSTA COUNTY CHILDREN AND FAMILY SERVICES BUREAU,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>N.N. et al.,<br><br>　　　Defendants and Appellants. | A167920<br><br>(Contra Costa County<br>Super. Ct. No. J2200562) |

**MEMORANDUM OPINION[1]**

　　N.N., the presumed father of nineteen-month-old K.N., appeals the disposition order entered after a contested combined jurisdiction/disposition hearing.  While the appeal was pending, father also filed a petition for writ of

---

　　[1] Undesignated statutory references are to the Welfare and Institutions Code.  We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We do not recite the factual and procedural background because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].)

1

mandate challenging the juvenile court's subsequent order terminating his reunification services and setting a hearing under section 366.26.  In a prior opinion already issued, we issued a writ directing the juvenile court to order the return of K.N. to father's physical custody barring new developments (see § 366.21, subd. (f)(1)), or in the event of new developments, to continue the case to an 18-month review hearing and afford father reasonable reunification services.  (*N.N. v. Contra Costa Superior Court* (June 27, 2024 A169941) [nonpub. opn.].)  We presume the parties' familiarity with our prior opinion.

In this appeal, father raises two issues.  He challenges the exercise of jurisdiction over K.N. under section 300, subdivision (j) (sibling abuse), and argues the juvenile court erred in declining to return K.N. to his physical custody at the disposition hearing.  No reply brief has been filed.[2]

First, father has not demonstrated the juvenile court erred in asserting jurisdiction under section 300, subdivision (j), based on the circumstances of a pending dependency proceeding involving K.N.'s two older siblings.[3]  He contends that because the superior court dismissed the allegations

---

[2] Mother appealed the disposition order too, raises no independent issues and simply joins in father's arguments.

[3] Section 300, subdivision (j) authorizes jurisdiction where "[t]he child's sibling has been abused or neglected, as defined in subdivision (a), (b), (d), (e), or (i), and *there is a substantial risk that the child will be abused or neglected*, as defined in those subdivisions." (§ 300, subd. (j), italics added.)  It states that "[t]he court shall consider the circumstances surrounding the abuse or neglect of the sibling, the age and gender of each child, the nature of the abuse or neglect of the sibling, the mental condition of the parent or guardian, and any other factors the court considers probative in determining whether there is a substantial risk to the child." (*Ibid.*)

concerning his own current substance abuse, there was no basis to assert jurisdiction against him under subdivision (j).[4]

We reject this contention. The fact that father was no longer deemed a threat to the child because of his own drug abuse is not determinative. Under subdivision (j), " '[t]he "nature of the abuse or neglect of the sibling" is only one of many factors that the court is to consider in assessing whether the child is at risk of abuse or neglect in the family home.' " (*In re I.J.* (2013) 56 Cal.4th 766, 774.) It " 'allows the court to take into consideration factors that might not be determinative if the court were adjudicating a petition filed directly under one of [the other subdivisions listed in it].' " (*Ibid*.) Its " 'broad language . . . clearly indicates that the trial court is to consider the totality of the circumstances of the child and his or her sibling in determining whether the child is at substantial risk of harm, within the meaning of *any* of the subdivisions enumerated in subdivision (j),' " and " 'thus accords the trial court greater latitude to exercise jurisdiction as to a child whose sibling has been found to have been abused than the court would have in the absence of that circumstance.' " (*Ibid*.)

Regardless of whether father had a current substance abuse problem, mother did. And so here, the Bureau defends the exercise of jurisdiction under subdivision (j) on the basis of father's inability at the jurisdictional stage to appreciate the danger posed by mother's substance abuse. Father, who has not filed a reply brief, does not contest that point. And we deem it sufficient to sustain the court's jurisdictional findings. There is substantial evidence that father minimized the dangers posed by mother's serious

---

[4] We exercise our discretion to decide the merits of this issue despite its technical mootness (i.e., because the juvenile court properly exercised jurisdiction over K.N. on alternative grounds due to mother's circumstances).

3

substance abuse: at the jurisdiction hearing, he testified he did not believe mother had been using methamphetamine during her pregnancy and continued to dispute the results of the positive toxicology report at the time of K.N.'s birth confirming her use of methamphetamine. Because of these circumstances, the juvenile court expressed concern that father was in denial about mother's substance abuse. Although the evidence is not overwhelming, there is substantial evidence that father would not protect K.N. from the dangers posed by mother (see § 300, subd. (b)(1)(A)), and the juvenile court did not err in assuming jurisdiction under subdivision (j). (See *In re Carlos T.* (2009) 174 Cal.App.4th 795, 806-807 [affirming jurisdictional findings under subdivision (j) because "there was evidence from which the juvenile court could conclude that mother would not protect the children from [sexual] abuse" by father, despite her participation in individual counseling and completion of a child sex abuse treatment program].) Father does not argue otherwise.

Having said that, we agree with father the juvenile court erred by ordering K.N.'s removal from him at the disposition stage. A dependent child may not be removed from a parent's physical custody unless the juvenile court finds by clear and convincing evidence that "[t]here is or would be a substantial danger" to the child if returned home "and there are no reasonable means by which the minor's physical health can be protected" short of removing the child from parental custody. (§ 361, subd. (c)(1).) On appeal, we review that issue for substantial evidence, taking into account the heightened, clear and convincing standard of proof. (See generally *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1005 [substantial evidence review incorporates clear and convincing standard].)

4

Here, whatever the dangers posed by father's minimization of mother's drug use during her pregnancy, there is no evidence—much less clear and convincing evidence—that there were no reasonable means of protecting K.N. from mother without removing her from father's custody. (See, e.g., *David B. v. Superior Court* (2004) 123 Cal.App.4th 768, 797 [concluding same]).) Unlike in the authority cited by the Bureau (*In re E.E.* (2020) 49 Cal.App.5th 195, 215-217), father testified in substance he would do whatever was necessary to ensure K.N.'s safety if she were returned to him. As we stated in our prior opinion, he "testified at the combined jurisdiction/disposition hearing that he would comply with all court orders; would not allow mother to visit K.N. unsupervised; agreed that parental drug abuse poses a safety danger to children and would not allow K.N. to be around someone actively using drugs; could "definitely" recognize the signs of mother's drug use; and would not allow her to have any contact with K.N. if she were under the influence of drugs." (*N.N. v. Superior Court,* A169941.) He also testified he was presently living with mother's mother who would continue to help him abide by all rules of visitation. And the social worker testified he told her he was willing to live apart from mother. We agree with father that the social worker's concern that father would not abide by court orders if K.N. were returned to his custody, and thus would be unable to protect K.N., was purely speculative.

The Bureau does not meaningfully address the record on this issue. Instead, it argues there were no reasonable alternative means of protecting K.N. short of depriving father of custody of her only because "there would be no way of monitoring Father's travels with Mother to visit family outside of Contra Costa County." That is non-responsive. There was no fool-proof way of "monitoring" his compliance with *any* aspect of a court order restricting

5

mother's contact with K.N. (such as restrictions that her visitation be supervised, or time-limited). The Bureau's inability to "monitor" a parent at all times is not clear and convincing evidence that K.N. would be in danger in father's custody; such a standard would render it impossible ever to return any child to parental custody. We are aware of no authority, and the Bureau cites none, requiring effective round-the-clock surveillance as a condition of a parent maintaining physical custody of a dependent child. (Cf. *David B. v. Superior Court, supra,* 123 Cal.App.4th at p. 797 [detriment standard does not require "an absolute guarantee of safety"].) Assessments of a parent's likelihood of defying court orders must depend on concrete evidence from which a likelihood of future harm or danger can reasonably be inferred, and here there was none.

The Bureau also faults father for not disclosing to the social worker on a timely basis he was presently living with mother and on that basis asserts he cannot be trusted. Father testified about his present living arrangements at the combined jurisdiction/disposition hearing.[5] His non-disclosure is not clear and convincing evidence he would not abide by court orders restricting

_____

[5] On direct examination by his counsel, father testified he was presently living in Antioch with mother's grandparents, facts that were already generally disclosed in the disposition report. Asked if he had provided his address to the social worker, he responded, "I don't know that I have or have not yet," and then gave the address. He testified that if he reunified with K.N., though, he planned to live with the maternal grandmother with whom K.N. was presently placed, and the grandmother was amenable to that plan and also willing to provide childcare support to him while he worked. On cross-examination, he testified he had been living with the maternal grandparents in Antioch for about four months since K.N. was born, and mother was presently living there too. He also testified they lived together at the home of various maternal relatives when in Madera County.

where he would be permitted to live, or with whom, and limiting mother's contact with K.N. The Bureau does not assert, and cites no evidence, that father lied about whether he had been living with mother or deliberately withheld that information from the Bureau. For example, it does not state that it had advised him or the court had ordered him to disclose that fact.[6]

Simply put, the Bureau did not meet its burden to prove by clear and convincing evidence that removal was justified under section 361, subdivision (c), and the juvenile court erred by concluding otherwise. Accordingly, we reverse the disposition order with instructions to reconsider the matter based on any new developments that might have transpired while this appeal was pending. (See, e.g., *In re Henry V.* (2004) 119 Cal.App.4th 522, 531 [reversing dispositional order for out-of-home placement that was not supported by clear and convincing evidence and remanding for further proceedings "with consideration of [minor's] current circumstances"].) Unless the Bureau proves by clear and convincing evidence that current circumstances warrant removal from father's physical custody under section 361, subdivision (c), the juvenile court shall order the immediate return of K.N. to his custody, subject to reasonable conditions to facilitate an orderly transition consistent with her best interest, with any reasonable orders to ensure her safe return. Such proceedings shall take precedence over, and potentially render moot, the conduct of a continued review hearing

---

[6] We ourselves note the detention order's boilerplate language required both parents only to "keep the court, the agency, and their attorneys advised of their current addresses . . . and provide written notification of any changes to their mailing addresses." It did not require them to disclose with whom they lived.

7

required by the writ of mandate issued by this court in father's recently concluded writ proceeding (case number A169941).

## DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.

_____
STEWART, P. J.

We concur.

_____
RICHMAN, J.

_____
DESAUTELS, J.

*In re K.N.* (A167920)